**Jacqueline Miles Hurst BRENGLE, Appellant,**

v.

**Clifford L. HURST, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1966.

Rehearing Denied Dec. 16, 1966.

W. David Klingman, Louisville, for appellant.

G. Phillip Deeb, Sr., Louisville, for appellee.

MILLIKEN, Judge.

The custody of two little girls under ten years of age and the Full Faith and Credit Clause of the Federal Constitution are involved here.

The parents of the little girls are the parties to this appeal. The children's mother was awarded their custody when she obtained a divorce from their father in Indiana in 1961, and she and the children have been residents of Kentucky practically ever since. In March of this year (1966) their father obtained a transfer of their legal custody to him through the Indiana court where their mother had divorced him and, in order to obtain actual possession of his little daughters, he filed this habeas corpus action in Kentucky seeking enforcement of the Indiana judgment transferring their custody to him. The Indiana judgment transferring custody was given upon notice to the mother, but without service upon her or personal jurisdiction over her, and we do not know the reasons which prompted the transfer of custody. Apparently assuming that the Full Faith and Credit Clause of the Federal Constitution (Article IV, Sec. 1) required enforcement of the Indiana judgment transferring custody, the Kentucky chancellor, without a hearing on the merits, gave judgment for the father but stayed its enforcement pending the ruling of this Court on the mother's appeal.

The Indiana transfer of custody decree was based, of course, on the theory that custody may be changed as the welfare of children may suggest, and that Indiana retained enough of the habiliments of jurisdiction over the status of the children, whose custody it originally had awarded to the mother, to justify its transfer of that custody to the father regardless of the present nonresidence in Indiana of both the

children and the mother. Since the Indiana court necessarily treated its original award of custody as changeable when it subsequently transferred the custody of the children from the mother to the father, it follows that Indiana does not view its own custody decrees as res judicata in the sense that they permanently settle the matter.

■■ The welfare of the children is the paramount interest to be protected and the controlling consideration in all controversies between parents over the custody of their minor children, and it has been held that a court in one state can modify a custody decree made in another state. New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947). In Ford v. Ford, 371 U.S. 187, 83 S.Ct. 273, 9 L.Ed.2d 240 (Dec. 1962), the Supreme Court unanimously decided that a Virginia judgment refusing to grant custody of minor children to a father, in compliance with a written agreement of the parents, was not res judicata in Virginia and did not bar South Carolina from later granting full custody to the mother, the children and the mother being residents of South Carolina at the time, the Court concluding:

"We hold that the courts of South Carolina were not precluded by the Full Faith and Credit Clause from determining the best interest of these children and entering a decree accordingly. In holding otherwise, the South Carolina Supreme Court was in error. The case is reversed and remanded to that court for further proceedings not inconsistent with this opinion."

■ The Full Faith and Credit Clause was designed to give the United States certain benefits of a unified nation, but a judgment of a sister state need not be recognized by another state if it is an improper infringement on the interests of the latter state. Restatement of the Law of Conflicts, 2d Ed., Tentative Draft No. 10, Sec. 434c (April 1964), pointing out in Comment b., "It has been said that full faith and credit does not apply to custody decrees." In his excellent 1959 treatise on The Conflict of Laws, Professor Leflar comments in Section 180 that the trend in custody cases where separate jurisdictions are involved, " * * * if identifiable at all, is in the direction of giving greater freedom to each court that hears a case, so that in the end 'the welfare of the child itself' replaces Conflict of Laws guides and concepts. It is normal for courts issuing custody decrees to retain jurisdiction over the case so that new orders can be issued when conditions change, and orders so issued undoubtedly have some validity. But courts in other states regularly disregard them, at least when the children have acquired new residences in the interim or are personally before the second court. (Citing Rodney v. Adams (1954), Ky., 268 S.W.2d 940, among others.) The residence of the child alone is usually enough to induce a court to accept jurisdiction in a custody case * * *."

■ In the present case, if we assume arguendo that the March 1966 Indiana change of custody was res judicata on the facts existing at that time, that does not make it res judicata as to the facts existing in June 1966 when the Kentucky court, without a hearing on the merits, decided to give full faith and credit to the Indiana decree. Thus in Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958), the United States Supreme Court, without deciding whether a custody award comes within the Full Faith and Credit Clause or not, held that a valid decree could be in any event disregarded by the courts of a second state if that state found as a fact that changed conditions subsequent to the award justified a different award in the second state.

■■ We do not have a situation before us where these children have been removed from Indiana in order to get away from the courts of that state; we have rather an instance where a mother has taken the children to Kentucky and in good faith

established residence here. Because these children have been citizens of Kentucky for several years, this state has an interest in their welfare, and should not relinquish that interest by default. The relationship between a mother and her children is a vital fact of life, is highly personal, and should not be disturbed peremptorily on the assumption the Full Faith and Credit Clause requires it. The United States Supreme Court has consistently refused to rule categorically that child custody matters are within the purview of the Full Faith and Credit Clause, for that Court appreciates the fact that the welfare of the children is the chief consideration of all of us, and that a rigid application of the Full Faith and Credit Clause often would thwart the achievement of that end. The custody of these children should not be changed without a hearing on the merits and the husband, of course, is entitled to a hearing for that purpose if he desires one.

The judgment is reversed for proceedings consistent herewith.