### (January 14, 1983)

■ LEONARD A. CONTICELLO, Appellant, v GLORIA CONTICELLO, Respondent. (And Another Proceeding.) — In child custody and habeas corpus proceedings, petitioner appeals from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated December 30, 1982, as dismissed the child custody proceeding. The mother cross-appeals from so much of said order as denied her application for counsel fees. Order affirmed, without costs or disbursements. The temporary stay contained in the order to show cause of this court dated January 3, 1983 is vacated and petitioner is hereby directed to return the child, Anthony, to the mother. The parties were married in New York in 1967. There are three children: Karen, Anthony and Leonard, aged 12, 11½ and 9, respectively. In October, 1977 the parties were divorced but remarried only a few months later. Thereafter, they moved to Florida. In early

1982 the parties separated. A separation agreement was executed, giving custody of the children to the mother. The petitioner father then returned to New York to live. By order of the Circuit Court of the 17th Judicial Circuit of Broward County, Florida, dated June 11, 1982, the mother was awarded temporary custody of the three children. Shortly thereafter, petitioner moved in the Florida Circuit Court to modify that order so as to award him temporary custody of the children. By order dated December 30, 1982, made after a hearing and upon the report of the General Master dated December 1, 1982, petitioner's motion for temporary custody was denied. With the mother's consent, arrangements were made through the parties' attorneys for the children to visit with petitioner in New York over the Christmas vacation and to return to Florida on January 2, 1983. However, on December 23, 1982, four days after the children arrived, petitioner commenced the instant proceeding in the Supreme Court, Richmond County, *inter alia,* to modify the order of the Florida Circuit Court dated June 11, 1982, by transferring to him custody of the children. On December 27, 1982 the mother secured an order from the Florida Circuit Court directing petitioner to return the children forthwith and reaffirming its prior order that the children were to reside with the mother in Florida until the matter comes on for a final hearing in February, 1983. In addition, the mother commenced a habeas corpus proceeding returnable in Richmond County on December 30, 1982. On the latter date, the court, upon consolidating the petitioner's custody proceeding and the mother's habeas corpus proceeding, dismissed the custody proceeding. The Uniform Child Custody Jurisdiction Act sets forth the standard for determining whether the necessary predicate for jurisdiction in custody cases exists in New York and whether such jurisdiction should be exercised (Domestic Relations Law, art 5-A). The purpose of the act is to minimize jurisdictional competition and conflict with courts of other States, to assure that custody determinations are ordinarily made in the State with which the child and his family have the closest connection and where significant evidence concerning his care and personal relationships is most readily available, and to deter the unilateral removal of children in order to obtain custody awards or relitigate custody decisions of other States (Domestic Relations Law, § 75-b). The record at bar reveals that the children have not lived in New York for many years. Indeed, they came to New York during the pendency of the Florida custody proceeding solely for the purpose of limited visitation with their father. Concededly, under the circumstances, the only possible basis for a court of this State to have jurisdiction would be a finding that "it is necessary in an emergency to protect the child" (Domestic Relations Law, § 75-d, subd 1, par [c]). Petitioner's allegations as to the mother's sexual misconduct, neglect of the children and strained relationship with their child, Anthony, are disputed by the mother and, in many respects, refuted by the report of the psychiatrist whom petitioner engaged to interview the children. Most of these allegations were made by petitioner just two or three months earlier in his unsuccessful effort to have the Florida Circuit Court transfer temporary custody of the children to him; and they are far less serious than those made in *Martin v Martin* (45 NY2d 739), where jurisdiction in New York was similarly declined. While it does appear that Anthony is unhappy residing with the mother and his siblings and strongly desires to remain in New York with petitioner (the other two children have now returned to Florida by agreement of the parties), the issue before us is not whether Anthony's best interests require a change of custody. That question is to be determined on the evidentiary hearing on the substantive custody issue. Rather, our inquiry is limited to whether there exists such an immediate crisis or emergency situation requiring our courts to step in, detain Anthony in New

York and exercise jurisdiction to determine custody (see *De Passe v De Passe,* 70 AD2d 473; *Appelblom v Appelblom,* 66 AD2d 188; *Matter of Irene R. v Inez H.,* 96 Misc 2d 947; cf. *Matter of Priscilla S. v Albert B.,* 102 Misc 2d 650). We think not. There being no jurisdictional predicate in the absence of an emergency situation, the custody proceeding was properly dismissed. Finally, we find no abuse of discretion in the denial of the mother's application before the Supreme Court, Richmond County, for counsel fees, costs and expenses. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.