■ CHARLES F. HAAG, Appellant, v ELEANOR C. HAAG, Respondent. — In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from

so much of an order of the Supreme Court, Suffolk County (De Luca, J.), entered December 2, 1982, as denied his application to modify a judgment of divorce to grant him custody of one of the children of the parties' marriage, and to suspend child support payments to defendant wife for that child. Order affirmed insofar as appealed from, without costs or disbursements. After the father's visitation period with the subject child expired, the plaintiff kept his son in New York and brought on the instant application seeking a change of custody and suspension of child support payments. Pending determination of the application plaintiff was awarded custody of the parties' son and child support payments for that child were suspended. Thereafter, Special Term, without a hearing, determined, *inter alia,* that it was without subject matter jurisdiction to entertain the application, that custody of the infant was to be returned to the mother in Virginia forthwith and that plaintiff was to be responsible for child support payments to the mother while the child was in his temporary custody. We affirm that determination. From the record it is clear that New York does not have jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA) as codified in article 5-A of the Domestic Relations Law (Domestic Relations Law, § 75-d). Virginia being the child's "home state", and there being no showing that the child had been abandoned or that it was necessary for New York to exercise jurisdiction to protect the child because of an emergency, subject matter jurisdiction in this matter could exist only if "it is in the best interests of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships" (Domestic Relations Law, § 75-d, subd 1, par [b]). (See *Gomez v Gomez,* 56 NY2d 746.) Assuming, *arguendo,* the validity of the excuse proffered by plaintiff for retaining his son beyond the permitted visitation period, i.e., that his son was ill, the fact remains that the boy's presence in this State for the purpose of visiting his father and to recover from a viral infection was the only connection with New York at the time application was made. Manifestly, presence alone is insufficient to vest our courts with subject matter jurisdiction in this matter (*Gomez v Gomez, supra; Vanneck v Vanneck,* 49 NY2d 602, 610; *Decatur v Ahearn,* 89 AD2d 742, mot for lv to app den 57 NY2d 924). Consequently, Special Term properly denied plaintiff's application. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.