In the Matter of EDWIN HERNANDEZ, Respondent, v

ELIZABETH COLLURA, Appellant.—Appeal from so much of an order of the Family Court, Kings County (Gartenstein, J.), dated July 12, 1985, which awarded custody of the parties' child to the father subject to a prior pendente lite custody order granted by the Superior Court of Connecticut.

Order affirmed, without costs or disbursements.

Edwin Hernandez and Elizabeth Collura met in New York and began to cohabit in Connecticut in 1982. During that year, Elizabeth gave birth to the couple's son, Edwin, Jr., who is the subject of the present custody dispute. Apparently, the relationship of the parties gradually deteriorated to the point where, in March 1985, Elizabeth returned to the home of her parents in New York. In May, she and her father sent a mailgram to Edwin in Connecticut, requesting that he bring the child to New York for a visit. Edwin complied with this request. Soon thereafter, Elizabeth commenced a family offense proceeding in the Kings County Family Court on May 16, 1985, which resulted in that court's issuance of a temporary order of protection on behalf of Elizabeth and her son on May 17, 1985. Shortly after this, Edwin commenced a custody proceeding in the Superior Court of Connecticut. Edwin also obtained a writ of habeas corpus from the Kings County Family Court on June 18, 1985. The Family Court heard argument on both the family offense and habeas corpus petitions on June 20, and then modified the temporary order of protection to prohibit the removal of the child from New York State. A further hearing on the matter was scheduled for July 12, 1985. However, on June 24, 1985, the Superior Court of Connecticut awarded pendente lite custody to Edwin. At the July 12th proceedings before the Family Court, that court determined that it was without jurisdiction to determine the custody issue and ordered that custody of the child be awarded to Edwin "subject to [the] order of Connecticut". We now affirm that order.

Elizabeth contends that, pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), which is embodied in New York's Domestic Relations Law article 5-A, the Family Court had jurisdiction to entertain the custody dispute. Four bases for the exercise of jurisdiction are contained within Domestic Relations Law § 75-d (*Vanneck v Vanneck,* 49 NY2d 602, 608-609; *Gomez v Gomez,* 86 AD2d 594, 595, *affd* 56 NY2d 746; *De Passe v De Passe,* 70 AD2d 473). The only two which presently concern us allow the exercise of jurisdiction if "it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child

and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training and personal relationships" or "the child is physically present in this state and * * * it is necessary in an emergency to protect the child" (§ 75-d [1] [b], [c]).

Elizabeth has failed to establish a "significant connection" between the child and New York State so as to permit the exercise of jurisdiction. Indeed, the only relevant connections she alleges are that she occasionally brought her son to New York from Connecticut for visits with her parents and that the child resided with her in this State between March and July of 1985. Since the child was born in Connecticut and has resided there substantially all of his life, his short residency in New York, which was procured through Elizabeth's deception, is insufficient to provide a jurisdictional basis (see, Decatur v Ahearn, 89 AD2d 742, lv denied sub nom. Dwyer v Ahearn, 57 NY2d 924, appeals dismissed 58 NY2d 654, 779, 826; Gomez v Gomez, supra). Presence of the child within the State, without more, is not a basis under the UCCJA to assume jurisdiction (Domestic Relations Law § 75-d [2]; Haag v Haag, 97 AD2d 833, 834). Moreover, Elizabeth has failed to establish that substantial evidence concerning the child's care and welfare is present in New York. Indeed, the child's birth and residence in Connecticut for substantially all of his life militate against a finding that substantial relevant evidence is available in this State (see, Steinman v Steinman, 80 AD2d 892, appeal dismissed 54 NY2d 641), and the scant documentary evidence submitted by Elizabeth in support of her argument fails to persuade us otherwise.

Equally unpersuasive is Elizabeth's contention that the Family Court has "emergency" jurisdiction over the custody dispute. In order to take advantage of this jurisdictional basis, it must be demonstrated that the child will suffer physically or mentally in some manner if jurisdiction is not exercised (Gomez v Gomez, supra; De Passe v De Passe, supra). While specific allegations of abuse which are substantiated by testimony and documentary evidence may trigger "emergency" jurisdiction (see, Matter of Priscilla S. v Albert B., 102 Misc 2d 650, 654), the vague and unsubstantiated allegations advanced by Elizabeth and denied by Edwin are insufficient for this purpose (see, Gomez v Gomez, supra; De Passe v De Passe, supra; Schaeffer v Schaeffer, 101 Misc 2d 118, affd 74 AD2d 742).

We therefore find that the Family Court's determination

that it lacked jurisdiction was in all respects proper *(see,* Domestic Relations Law § 75-d [1]). Lazer, J. P., Bracken, Niehoff and Eiber, JJ., concur.