■ In the Matter of KAREN E. TENENBAUM, Respondent, v DAVID S. SPRECHER, Appellant.—In consolidated proceedings

pursuant to Family Court Act article 6 to modify an out-of-State custody decree, the respondent husband appeals, by permission, from an order of the Family Court, Nassau County (Mosca, J.), dated January 12, 1987, which denied his motion to dismiss the petitions.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the petitions are dismissed.

The wife was granted a divorce by a District Court in Harris County, Texas, in 1985. The wife has resided in New York with the children of the marriage since the parties separated in 1984, and the husband has continued to reside in Texas. The divorce decree provided for visitation between the husband and the children in Texas on certain holidays and during the summer.

In October 1986 the wife brought two separate petitions in the Family Court, Nassau County, seeking to modify the Texas decree to provide for supervised visitation by the husband with each child in New York. Prior to the return date on the petitions, the husband moved in the Texas District Court to modify the custody, visitation and support terms of the decree. He then moved to dismiss the petitions in New York on the ground that the Texas court retained continuing jurisdiction to modify the divorce decree, and he informed the Family Court of the motion pending before the Texas court. The Family Court granted the wife's application for a temporary order modifying the Texas decree to the extent that it required supervised visitation in New York between the husband and the children over the 1986 Christmas holidays. The court determined that it had jurisdiction over the proceedings under the Uniform Child Custody Jurisdiction Act (UCCJA; Domestic Relations Law art 5-A) and denied the husband's motion to dismiss the petitions.

While we agree that the New York court has jurisdiction as the children's home State, the Parental Kidnaping Prevention Act (PKPA, 28 USC § 1738A *et seq.*) requires the New York court to defer to the jurisdiction of the Texas courts (*see, Enslein v Enslein,* 112 AD2d 973; *Matter of Olivia H. v John H.,* 130 Misc 2d 756).

The PKPA provides that a court "shall not" modify a custody determination of another State court unless that court no longer has jurisdiction or declines to exercise that jurisdiction (28 USC § 1738A [a], [f]). Under the PKPA, the decree State continues to have jurisdiction if its own laws provide for continuing jurisdiction and one of the contestants continues to

reside in that State (28 USC § 1738A [d]). Under provisions of the Texas Family Code, the Texas court retained jurisdiction over modification of the husband's visitation rights *(see, Heartfield v Heartfield,* 749 F2d 1138; Texas Fam Code Annot § 11.05 [g]).

Having been advised of the pending motion to modify the decree in the Texas District Court and of the husband's claim of continuing jurisdiction by that court, it was incumbent on the Family Court, in order to comply with the PKPA, to communicate with the Texas court to determine if its jurisdiction continued and if it would exercise that jurisdiction. Similarly the UCCJA placed an obligation on the Family Court to determine if the Texas court would decline to exercise its jurisdiction (Domestic Relations Law §§ 75-g, 75-o; *see, e.g., Mayoff v Robin,* 115 AD2d 524; *Braunstein v Braunstein,* 114 AD2d 46, *lv dismissed sub nom. Sorman-Braunstein v Braunstein,* 68 NY2d 753). There is no evidence that the Family Court communicated with the Texas District Court, which has since assumed jurisdiction over the husband's motion to modify his visitation rights. The PKPA therefore requires that the petitions pending in the Family Court be dismissed.

The wife contends that, despite the provisions of the PKPA, the Family Court has jurisdiction where there is alleged an immediate threat to the well-being of the children. We need not address that issue here since the wife's unsubstantiated allegations are insufficient to require New York to invoke its emergency jurisdiction *(see, e.g., Matter of Hernandez v Collura,* 113 AD2d 750; *Conticello v Conticello,* 91 AD2d 1008). In the face of the husband's denials of the allegations, it was error for the Family Court to assume jurisdiction and issue its temporary order without a hearing. We share the Family Court's concern for the welfare of the children but the wife has failed to show that she is unable to seek appropriate relief in the Texas District Court. Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.