In re the Marriage of Vicki Sue McLAIN, petitioner, Respondent,

v.

Kelly Bryan McLAIN, Appellant.

No. C6-97-495.

Court of Appeals of Minnesota.

Sept. 23, 1997.

Review Denied Nov. 18, 1997.

Lawrence Downing, Lawrence Downing & Associates, Rochester, for Respondent.

Jill I. Frieders, O'Brien, Ehrick, Wolf, Deaner & Maus, L.L.P., Rochester, for Appellant.

Considered and decided by PARKER, P.J., and CRIPPEN and SHORT, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Kelly Bryan McLain, K.M.'s Texas parent, claims that the Texas district court retains continuing jurisdiction over the subject of visitation rights determined in its 1996 divorce judgment and that this continuing jurisdiction precludes the Minnesota courts from exercising jurisdiction over the proposal of respondent Vicki McLain to diminish these rights. Applying federal law that liberally requires full faith and credit for Texas jurisdiction in the case, we reverse the Minnesota trial court's decision to exercise its jurisdiction.

## FACTS

The parties were married in 1992 and lived in Texas until they separated in March 1996. Their daughter, K.M., was born in 1995. On June 1, 1996, while Texas divorce proceedings were pending, respondent moved with her daughter to Minnesota, where respondent's family resides and she grew up. After the Texas proceedings were tried in July 1996, the parties stipulated to the resolution of their custody dispute, leading to the provisions of a September 1996 Texas judgment. This document places physical custody of the child with respondent, making her the "sole managing conservator" under Texas law. The judgment names appellant the "possessory conservator," a Texas designation for a parent with rights of visitation.

Under the Texas judgment, appellant was to enjoy bi-monthly visitation with the child in Texas beginning February 1997. But in December 1996, respondent made a motion in Minnesota to modify the judgment on visitation contacts. Following an ex parte order that declared the trial court could act in the case, a February 1997 order granted respondent an evidentiary hearing on her motion and temporarily suspended visits in

Texas. Although the court did not address the parties' jurisdictional dispute in its order, the court observed on the record that Texas court powers did not diminish the freedom of the Minnesota court to act because no proceedings were pending in Texas.

## ISSUE

Does the continuing jurisdiction of the Texas trial court over motions to modify visitation preclude assertion of Minnesota jurisdiction in the current dispute?

## DECISION

■ This court reviews de novo the trial court's legal conclusion that it has jurisdiction to determine respondent's modification motion. *See Mahoney v. Mahoney,* 433 N.W.2d 115, 117 (Minn.App.1988), *review denied* (Minn. Feb. 10, 1989) (declaring de novo review on legal issues).

### 1. Prospective jurisdiction

Under Minnesota's version of the Uniform Child Custody Jurisdiction Act and the federal Parental Kidnapping Prevention Act, a Minnesota court has jurisdiction over a child custody or visitation dispute in four situations, commonly stated in terms of (i) the child's home state, (ii) the significant connection of a child and at least one parent in this state, (iii) a child-custody emergency, and (iv) the child's best interests, coupled with the fact that the courts of other states either have no lawful claim of jurisdiction or have declined to act. Minn.Stat. § 518A.03, subd. 1 (1996); 28 U.S.C.A. § 1738A(c)(2). In this case, respondent Vicki McLain states facts permitting a finding that Minnesota jurisdiction would serve the best interests of the child and that Minnesota jurisdiction could be upheld on any of the first three stated grounds.

■ Despite the existence of Minnesota court jurisdiction, the doctrines of continuing jurisdiction established under both the UCCJA and the PKPA may prohibit the exercise of this jurisdiction. Minn.Stat. § 518A.14, subd. 1 (1996) (precluding modification of another state's custody determination if the other court (a) "now" has juris-

diction under state law with "jurisdiction prerequisites substantially in accordance with" Minnesota's version of the UCCJA, and (b) has not "declined to assume jurisdiction to modify"); 28 U.S.C.A. § 1738A(f) (West 1994) (permitting modification only if other state's court "no longer has" continuing jurisdiction or declines to act). The prohibitions of these state and federal provisions are applicable regardless of whether proceedings are pending in the court with continuing jurisdiction. Because a motion to modify visitation has not been filed in the Texas district court, it has not been determined if that court would decline to act on respondent's proposal. *See* Minn.Stat. § 518A.06, subd. 3 (1996) (compelling court, if it learns of proceedings pending in another state, to consult with the court of the other state to determine the most appropriate forum for resolving the issues in question); Tex. Fam.Code Ann. § 152.006(c) (Vernon 1996) (same).

### 2. Continuing jurisdiction, PKPA

■ Under the Parental Kidnapping Prevention Act, the Texas district court, having previously made provision for the custody and visitation of K.M., has continuing jurisdiction so long as (a) the child or one of the custody claimants remains a resident of Texas, and (b) the laws of Texas provide that the court "has jurisdiction" over the subject matter of the dispute. 28 U.S.C. § 1738A(d), (c)(1).

Under the Texas family code, a "custody determination" deals with child custody, "including visitation rights." Tex. Fam.Code Ann. § 152.002(3) (Vernon 1996). Minnesota's version of the UCCJA includes a similar provision. Minn.Stat. § 518A.02(b) (1996). Under UCCJA provisions of both states, jurisdiction to make a "custody determination" can, under some circumstances, continue even where the child has since attained home-state status in another state. Tex. Fam.Code Ann. § 152.003(a)-(c) (Vernon 1996); Minn.Stat. § 518A.03. But, although the Texas family code states that Texas courts can have continuing jurisdiction to make "custody determinations" for children who have established a non-Texas home

state, the Texas code also contains other provisions that are not found in Minnesota law, including one stating that a Texas court shall not modify "custody" of a child if the child and the custodial parent have established another home state. Tex. Fam.Code Ann. § 152.003(d) (Vernon 1996).[1]

Because the Texas courts broadly retain jurisdiction over a "custody determination" (which includes visitation rights) but cannot modify "custody" when the child and custodial parent have established a non-Texas home state, the statutes lack clarity on the question of whether the Texas courts retain jurisdiction to modify the visitation rights of a "possessory conservator" when, as here, the child and custodial parent have moved to another state. Examining these Texas laws, two appellate courts have determined that the Texas courts have continuing jurisdiction under Texas law over questions on the visitation rights of the "left behind parent." *Heartfield v. Heartfield,* 749 F.2d 1138, 1142–43 (5th Cir.1985); *Welborn–Hosler v. Hosler,* 870 S.W.2d 323, 327 (Tex.App.1994); *Hemingway v. Robertson,* 778 S.W.2d 199, 201 (Tex.App.1989); *Hutchings v. Biery,* 723 S.W.2d 347, 349 (Tex.App.1987).

Confirming *Heartfield* and its progeny, the 1995 Texas Legislature amended the Family Code provision on continued jurisdiction to declare (a) that continuing jurisdiction to modify a "managing conservatorship" ends when the child establishes another home state, but (b) jurisdiction to modify a "possessory conservatorship or possession of or ac-

cess to a child" ends only when both parents live elsewhere and the child has established a new home state. Tex. Acts 1995, 74th Leg., ch. 20, § 1; Tex. Fam.Code Ann. § 155.003 (Vernon 1996).

■ In this case, respondent's evidence indicates that Minnesota is now K.M.'s home state but that appellant remains a resident of Texas. And respondent moves only for modification of visitation rights.[2] Under Texas law, the Texas district court has continuing jurisdiction over the visitation issue. As a result, under the PKPA, the Minnesota court cannot modify visitation unless the Texas court has declined to exercise its jurisdiction. 28 U.S.C.A. § 1738A(f)(2).[3]

### 3. Texas law on its continuing jurisdiction

■ Is the continuing jurisdiction of the Texas court diminished by the fact that Texas law only recognizes this jurisdiction for visitation questions but does not protect Texas jurisdiction over custody placement issues? *See* 28 U.S.C.A. § 1738A(d) (declaring continuing jurisdiction of court issuing a "child custody determination" as long as (a) the court would retain jurisdiction under its own state law, and (b) the state is the residence of the child or a contestant). Given the disjunctive "or" used in the PKPA to define a custody determination as including an adjudication of custody "or" visitation, *id.* § 1738A(b)(3) (stating that "custody determination" includes adjudication of custody "or"

---

1. Under Texas law, the party with "custody" has the "managing conservatorship" of the child. Tex. Fam.Code Ann. § 152.002(2) (Vernon 1996); *id.,* § 153.005(a) (providing for appointment of "managing conservator"); *cf, id.,* § 152.002(11) (defining visitation as "possession or access to a child") and § 153.006(a) (providing for appointment of child's "possessory conservator").

2. Respondent observes that the record includes an amended motion that states her request for an award of sole physical and legal custody. But under Texas law, it is evident that respondent, already designated the "managing conservator" of K.M., has all the rights of a sole legal and physical custodian. *Compare* Minn.Stat. § 518.003, subd. 3(a), (c) (1996) ("legal custody" means the right to determine the child's upbringing, including education, healthcare, and religious training; "physical custody and residence"

means the routine daily care and control and the residence of the child) *with* Tex. Fam.Code § 153.32 (stating similar rights and duties of parent appointed "sole managing conservator"). Further, respondent functionally waived any claim on this issue when she acknowledged before the trial court that she sought to determine appellants' access to K.M. or "[w]hat we would call visitation."

3. We are not faced in this case with facts coming within the scope of an exception from the doctrine of continuing jurisdiction for cases where a substantial amount of time passes before rights are asserted by the parent who remains a resident in the state where a custody determination was last made. *See Brengle v. Hurst,* 408 S.W.2d 418 (Ky.1966) (holding long delay takes case beyond scope of full faith and credit); Comment, Unif. Child Cust. Juris. Act § 14 (1968).

visitation rights), and because only visitation is at issue here, we conclude that only Texas' retention of jurisdiction over visitation is critical in this case.[4] Because a visitation modification is a "determination" under both the PKPA and the Texas Family Code, and because the PKPA says nothing to limit the effect of the Texas law that asserts continuing jurisdiction over only visitation disputes, we conclude that nothing in the PKPA suggests that Texas law is entitled to less regard because it does not claim the breadth of jurisdiction that it could.

■ Although two courts have dealt with the impact of Texas law on a visitation dispute commenced in another state and neither discusses the effects of Texas' surrender of jurisdiction over a child placement issue, both recognize that the PKPA demands deference for continuing jurisdiction of the Texas courts over visitation disputes. *Heartfield*, 749 F.2d 1138, 1141–42 (although finding injunction premature on prospective Louisiana visitation dispute, holding that Texas court has exclusive jurisdiction over visitation issue); *Tenenbaum v. Sprecher*, 133 A.D.2d 371, 519 N.Y.S.2d 273 (N.Y.App. Div.1987) (citing *Heartfield* and holding that

under PKPA, New York court must defer to jurisdiction of Texas courts on motion to modify visitation).[5]

## 4. Continuing jurisdiction under the UCCJA

■ Were we dealing only with the Minnesota Uniform Child Custody Jurisdiction Act, a different question would be presented.[6] But because the PKPA precludes a Minnesota court from exercising its jurisdiction, a contrary conclusion under UCCJA would not give us cause to affirm the trial court. When the federal PKPA precludes exercise of UCCJA jurisdiction, we must give preemptive effect to the federal enactment. *Sams v. Boston*, 181 W.Va. 706, 384 S.E.2d 151, 156 (1989) (preemption recognized under the supremacy clause of the United States Constitution); *see Thompson v. Thompson*, 484 U.S. 174, 183, 108 S.Ct. 513, 518, 98 L.Ed.2d 512 (1988) (discussing purpose of PKPA is "to have the same operative effect as the full faith and credit statute").

## 5. Conflicting trial court orders

■ Appellant contends the trial court's jurisdictional order conflicts with the law of

---

4. Other than the use of the disjunctive "or," the PKPA offers little instruction on this issue. Specifically, the court of another state may not modify a "determination of the custody" of a child if the original court has jurisdiction to modify "such determination." 28 U.S.C.A. § 1738A(f). Jurisdiction over a "custody determination" continues where the original court "has jurisdiction." 28 U.S.C.A. § 1738A(c)(1), (d).

5. Both opinions contain language supporting a home state's exercise of jurisdiction to deal with an immediate emergency. *Heartfield*, 749 F.2d at 1143; *Tenenbaum*, 519 N.Y.S.2d at 274–75. *See State in Interest of D.S.K.*, 792 P.2d 118, 127 (Utah App.1990) ("Where a grave emergency exists affecting the immediate needs and welfare of the child, a Utah court may enter appropriate orders for the protection of the child present in Utah even if its orders contravene those of a sister state that still retains jurisdiction over custody."; citing other authorities and observing that this jurisdiction is temporary, pending action by the state with continuing jurisdiction); *In re Interest of L.W.*, 241 Neb. 84, 486 N.W.2d 486, 498 (1992) (following *D.S.K.*). Respondent claims that the current visitation schedule endangers the child, but she does not claim a grave or immediate emergency. And her claim of danger does not rise to the level of abuse or threat of

abuse to the child that justifies a claim of jurisdiction premised on the emergency provision of Minn.Stat. § 518A.03, subd.1 (c). *In re Marriage of Schmidt*, 436 N.W.2d 99, 104 (Minn.1989).

6. Under Minnesota's version of the Uniform Child Custody Jurisdiction Act, Minnesota courts must defer to continuing jurisdiction of Texas courts over a visitation-rights dispute only if the Texas law that determines this jurisdiction is "substantially in accordance" with the uniform law adopted in Minnesota. Minn.Stat. § 518A.14, subd. 1. A UCCJA analysis requires determining if deference can be given to the Texas district court in light of the provision of Texas law that continues jurisdiction over a visitation dispute in any case where one parent continues to reside in that state. Tex. Fam.Code § 155.003(c). Under the Minnesota UCCJA, such continued jurisdiction is allowed only if one parent and the child continued to "have a significant connection" in the state and there remained in the state "substantial evidence concerning the child's present or future care, protection, training, and personal relationships." Minn.Stat. § 518A.03(b). Appellant has not made a showing that the child continues to have a significant connection to Texas or that there is considerable evidence available in Texas on the present or future care of the child.

the case determined by another judge on January 23, 1997, three weeks before the order that is the subject of this appeal. The trial court acted in February on an initial motion of respondent that was filed on December 6, 1996, and modified on January 2, 1997. On December 20, 1996, appellant filed a motion to vacate the ex parte order granted to respondent when her motion was filed on December 6. The motion to vacate came before another judge and resulted in the January order that determined, because the Texas district court had continuing jurisdiction over the visitation issue, that the trial court did not have jurisdiction in the case. At the urging of respondent, the trial court on February 13 elected to vacate the January order of a judicial colleague.

These circumstances do not involve law of the case. *See Loo v. Loo*, 520 N.W.2d 740, 744, n. 1 (Minn.1994) (law of the case ordinarily applies where an appellate court has ruled on a legal issue and remanded the case for further proceedings).

We recognize, as appellant contends, that a judge, even with adequate authority to revisit an issue decided by another judge, "as a rule" should be "loathe to do so in the absence of extraordinary circumstances." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Loo*, 520 N.W.2d at 744 (generally an adjudication on the merits of an issue is conclusive and should not be relitigated). And we appreciate the potential for harm to the judicial system in the choices of counsel to promote judicial competition as a means to obtain relief. Nevertheless, because the law compels us to reverse the trial court on the merits, we decline to reach a final judgment on the court's authority to vacate an earlier order in the circumstances of this case.

## DECISION

The trial court could not exercise jurisdiction in this dispute because the Parental Kidnapping Prevention Act requires deference to the continuing jurisdiction of the Texas district court.

Reversed.

SHORT, Judge (concurring specially).

I concur in the opinion only insofar as it concludes Parental Kidnapping Prevention Act requires reversal.