■ In the Matter of MICHAEL D'ADDIO, Appellant, v CYNTHIA MARX, Respondent. [732 NYS2d 573] —In a proceeding pursuant to Domestic Relations Law article 5-A to modify an out-of-state

custody decree, the petitioner appeals from an order of the Family Court, Suffolk County (Kent, J.), entered December 3, 1999, which, upon refusing to exercise emergency jurisdiction, dismissed the petition.

Ordered that the order is affirmed, with costs.

Pursuant to Domestic Relations Law § 75-d (1) (c) (ii), a New York court possesses jurisdiction to render a custody determination when, *inter alia*, the child is physically present in this state and it is necessary in an emergency to protect the child (*see,* Domestic Relations Law § 75-d [1] [c] [ii]). Therefore, New York can exercise jurisdiction in an emergency situation "vitally and directly" affecting the health, welfare, and safety of the subject child (*Martin v Martin,* 45 NY2d 739, 742). "A primary consideration for the exercise of emergency jurisdiction is whether a return to the home jurisdiction would place the child in imminent risk of harm" (*Matter of Vanessa E.,* 190 AD2d 134, 137; *see also, Matter of Michael P. v Diana G.,* 156 AD2d 59, 66). "As the language of the statute makes clear, once an emergency is found to exist, the court has jurisdiction and is empowered to determine the issue of child custody. The emergency and the child's safety outweigh all other considerations" (*Matter of Vanessa E., supra,* at 137).

The petitioner did not present any evidence which would require a New York court to exercise jurisdiction on an emergency basis. Accordingly, the father's unsubstantiated allegations of threat to the well-being of the subject children were insufficient to require New York to invoke its emergency jurisdiction to modify custody of children who were subject to a custody decree of a California court. Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.