Matter of Baptiste v Baptiste (2020 NY Slip Op 00119)





Matter of Baptiste v Baptiste


2020 NY Slip Op 00119


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2019-03087
 (Docket Nos. V-31593-18/18A, V-31594-18/18A, O-31604-18)

[*1]In the Matter of Shawn Baptiste, appellant, 
v
Natalie Baptiste, respondent.


Steven P. Forbes, Jamaica, NY, for appellant.
Brad A. Smith, Bronx, NY, for respondent.
Janet Neustaetter, Brooklyn, NY (Chai Park of counsel), attorney for the children.



DECISION & ORDER
In related proceedings, inter alia, pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Rupert V. Barry, J.), dated February 26, 2019. The order, in effect, dismissed the petitions for lack of jurisdiction.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have two children together. In the Family Court, Kings County, the father sought, inter alia, to modify the custody provisions of an out-of-state custody decree so as to award him sole legal and physical custody of the subject children. The father contended that the court could exercise temporary emergency jurisdiction pursuant to Domestic Relations Law § 76-c. After communicating with a court in Georgia, where the children recently had resided, the court, in effect, dismissed the petitions for lack of jurisdiction. The father appeals, arguing that the court should have exercised temporary emergency jurisdiction.
"A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child, a sibling or parent of the child" (Domestic Relations Law § 76-c[1]). For a New York court to exercise temporary emergency jurisdiction, " the mere physical presence of the child[ren] in this [s]tate is not a sufficient basis per se for the exercise of jurisdiction . . . There must, in addition, be an emergency that is real and immediate, and of such a nature as to require [s]tate intervention to protect the child[ren] from imminent physical or emotional danger'" (Matter of Bridget Y. [Kenneth M.Y.], 92 AD3d 77, 87, quoting Matter of Severio P. v Donald Y., 128 Misc 2d 539, 542; see Matter of Michael P. v Diana G., 156 AD2d 59, 66). Here, in the absence of such emergency, the Family Court could not invoke its emergency jurisdiction (see Matter of Francois B. v Fatoumata L., 170 AD3d 617, 618; Matter of D'Addio v Marx, 288 AD2d 218, 219; Matter of Hernandez v Collura, 113 AD2d 750, 752). Accordingly, we agree with the court's determination, in effect, to dismiss the petitions for lack of jurisdiction.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court