Dennis J. HUTCHINGS, Relator,

v.

The Honorable Fred BIERY,
Respondent.

No. 04–86–00619–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 21, 1987.

Joe Villarreal, Jr., San Antonio, for relator.

Mary Ellen Smyth, San Antonio, for respondent.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

### ON RELATOR'S PETITION FOR WRIT OF MANDAMUS AND WRIT OF PROHIBITION

PER CURIAM.

Relator Dennis Hutchings has filed this original proceeding seeking a writ of mandamus directing respondent, Judge Fred Biery of the 150th Judicial District Court of Bexar County, Texas, to withdraw a December 12, 1986 order overruling relator's plea to the jurisdiction of the Texas courts, and a writ of prohibition commanding Judge Biery not to exercise jurisdiction over a motion filed by a real party in interest, relator's former wife Jeneal Duke, for clarification and modification of a prior child custody order. We deny the writs of mandamus and prohibition.

Relator and Jeneal Duke were divorced on May 26, 1981 in the 45th Judicial District Court of Bexar County, Texas. The divorce decree appointed relator the managing conservator of the parties' minor child, Scott. Jeneal Duke was named the possessory conservator. The divorce decree further provided that in the event that relator moved from Texas, Jeneal Duke would have visitation rights to Scott during certain holidays in even numbered years, on the first weekend of each month, and for three weeks during the summer. On July 9, 1985, relator and Scott moved to Maryland where they established their residence. Thereafter, a disagreement arose as to Jeneal Duke's summer visitation rights.

On September 12, 1986, Jeneal Duke filed a Motion for Clarification and Modification of Prior Order, Contempt, and Enforcement for Interference with Child Custody. In her motion, she requested that the child custody and visitation portions of the original divorce decree be clarified so as to make clear that she was entitled to three weeks visitation with Scott every summer and not only in the summers of even numbered years. She also requested that the original order be modified to provide that she be granted visitation with Scott during the Thanksgiving holiday in odd years and that respondent would have the right to visitation with Scott during the Thanksgiving holiday of even years. Finally, Jeneal Duke asked the court to find relator in contempt for violating her visitation rights under the prior order, to award her damages under Chapter 36 of the Family Code against relator for interference with her visitation rights, and require relator to post a bond pursuant to section 14.51 of the Family Code to insure compliance with the visitation orders of the court.

Relator filed a special appearance under Rule 120a of the Rules of Civil Procedure, claiming that Texas courts did not have jurisdiction over Jeneal Duke's motion. Following a hearing on November 20, 1986, Judge Biery denied relator's special appearance. An order to that effect was entered on December 12, 1986.

The sole issue before this Court is whether the Texas courts have continuing jurisdiction over a proceeding to modify and enforce the visitation rights granted a Texas resident in a prior decree after the managing conservator and the child have established a new state residence. We hold that

under the facts of the present case, the Texas courts do retain continuing jurisdiction.

■ Continuing jurisdiction in the Texas courts over proceedings affecting the parent-child relationship is provided for in section 11.05 of the Family Code. TEX.FAM. CODE ANN. § 11.05(g) (Vernon 1986). Subsection (g) of that section of the Family Code provides the basis for exercising continuing jurisdiction in the present case. It provides:

> Except as provided by Subsection (d) of Section 11.53 of this code, a court may exercise its continuing, exclusive jurisdiction to modify all aspects of its decree, including managing conservatorship, possessory conservatorship, possession of and access to the child and support of the child. A court of this state may not exercise its continuing jurisdiction to modify any part of a decree if the child and *all* parties have established and continue to maintain their principal residence or home state outside this state. This subsection does not affect the power of the court to enforce and enter a judgment on its decree. [Emphasis added.]

Under section 11.05(g) the continuing and exclusive jurisdiction of a Texas court to modify a prior child custody order continues as long as one of the parents continues to live in Texas. Relator does not dispute the fact that the real party in interest continues to reside in Texas. Under this statute then, jurisdiction vests in the Texas courts over this controversy to the extent permitted by Section 11.53(d) of the Family Code, which provides:

> Except on written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify *custody* if the child and the party with custody have established another home state unless the action to modify was filed before the new home state was acquired. [Emphasis added.]

TEX.FAM.CODE ANN. § 11.53(d) (Vernon 1986).

■ Although relator and the parties' minor child have established a new home state, section 11.53(d) does not limit the Texas courts' jurisdiction in the present case. In this case, the real party in interest seeks to enforce and modify the visitation provisions of the original decree. Section 11.53(d) prohibits the Texas courts from exercising continuing jurisdiction to modify "custody" after the child and the party with custody have established a new home state. "Custody" refers to the managing conservatorship of a child, TEX. FAM.CODE ANN. § 11.52(10) (Vernon 1986), and is distinguished from "visitation," which means possession of or access to a child. TEX.FAM.CODE ANN. § 11.-52(11) (Vernon 1986). Judge Biery did not err in overruling relator's special appearance and in holding that the Texas courts had jurisdiction over the motion to clarify and modify the original decree.

Our interpretation of these statutes agrees with the interpretation given them by the Fifth Circuit Court of Appeals in *Heartfield v. Heartfield*, 749 F.2d 1138, 1141–43 (5th Cir.1985), which found that an action for change in visitation rights was not an action to modify custody and held that the Texas courts retain the power to modify a Texas child custody determination, except as to the managing conservatorship of the child, even after the custodial parent and the child have established a new home state.

■ There is no merit to relator's argument that the Texas courts may not acquire personal jurisdiction over him in this matter because he is now a resident of the State of Maryland. The Texas court's exercise of personal jurisdiction over relator does not offend due process. Texas was the state of the marital domicile, the parties resided here at the time of their separation and divorce, their minor child was born in Texas, and relator exercises his rights as the managing conservator of the child by virtue of a Texas divorce decree that also provides for the visitation rights of Jeneal Duke. Further, the Texas courts retain exclusive and continuing jurisdiction

over the subject matter of this proceeding. These circumstances provide sufficient minimum contacts to make relator amenable to Texas process. *Oliver v. Boutwell,* 601 S.W.2d 393 (Tex.Civ.App.—Dallas 1980, no writ).

■ This Court has the power to issue a writ of mandamus in an appropriate case where a lower court has overruled a special appearance. *United Mexican States v. Ashley,* 556 S.W.2d 784, 785 (Tex.1977). The power of a court of appeals to issue a writ of prohibition, however, is not as broad as its mandamus power. TEX. GOV'T CODE ANN. § 22.221(a) & (b) (Vernon Supp.1986). We deny relator's request for writ of mandamus for lack of merit. Relator's petition for writ of prohibition is denied for lack of jurisdiction in this Court to issue such a writ under the circumstances of this case.