Dawn Sandoe **HEMINGWAY**, Relator,

v.

The Honorable Bob **ROBERTSON**, District Judge of the 308th District Court, Harris County, Texas, Respondent.

No. 01–89–00357–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 5, 1989.

Marshall Davis Brown, Jr. (Joseph J. Finkel, of counsel), Houston, for relator.

Lynne Little St. Leger, Houston, for respondent.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

### OPINION

DUNN, Justice.

This mandamus proceeding concerns a conflict of jurisdiction between the Harris County District Court and the Indiana courts over a motion to modify in a suit affecting the parent-child relationship.

Relator, Dawn Sandoe Hemingway, and her former husband, Thomas Hemingway, were divorced in early 1988 in respondent Judge Bob Robertson's court. The decree named them joint managing conservators over their two daughters, with the provision that the girls would reside with their mother.

Dawn Hemingway, who moved with the children to Indiana in February 1988, filed a motion to modify visitation in the Harris County court on December 9, 1988. At her request, the court nonsuited the case on December 16, 1988. That day, the father, Thomas Hemingway, filed an answer and an affirmative request for modification of visitation and support and attorney's fees. He did not request a change in custody. Then, on December 19, 1988, Dawn Hemingway filed a motion to modify custody in Indiana.

In the Texas court, Dawn Hemingway filed a motion to dismiss Hemingway's claims for want of jurisdiction. The trial judge denied her motion to dismiss and a motion for rehearing.

Dawn Hemingway seeks to have this Court vacate these orders denying her motions to dismiss. She claims that Indiana has jurisdiction over the entire dispute to the exclusion of the Texas courts.

### *Jurisdiction Over Custody*

■ In child custody disputes involving interstate children, jurisdiction must first be determined by reference to the provisions of Tex.Fam.Code Ann. sec. 11.53(d) (Vernon 1986) (Uniform Child Custody Jurisdiction Act). *Soto–Ruphuy v. Yates*, 687 S.W.2d 19 (Tex.App.—San Antonio 1984, no writ). This section determines the circumstances in which a court may exercise its

continuing jurisdiction after the child and the party with custody have established another home state.

Section 11.53(d) provides:

Except on written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify custody if the child and the party with custody have established another home state unless the action to modify was filed before the new home state was acquired.

Under the express language of the provision, the only exceptions to its jurisdiction proscription are: 1) if the parties agree, or 2) if the action to modify was filed before the new home state was acquired. Neither of these exceptions apply to this case. Neither do the parties dispute that Indiana is now the children's "home state."[1] Further, section 11.53(d) provides that the Texas court may not exercise its continuing jurisdiction over the custody after a new home state has been established.

Thus, under section 11.53, Indiana has jurisdiction over the custody dispute; Texas does not.

The determination that jurisdiction over custody lies in Indiana does not resolve the question of Texas' jurisdiction over these other issues of visitation, child support, and attorney's fees.

■ Issues of visitation, support, and attorney's fees are treated differently with regard to continuing jurisdiction from changes in custody. An action for change in visitation rights is not an action to modify custody. *Hutchings v. Biery*, 723 S.W.2d 347, 349 (Tex.App.—San Antonio 1987, orig. proceeding) (citing *Heartfield v. Heartfield*, 749 F.2d 1138, 1141–43 (5th Cir. 1985)). Even after the custodial parent and the child have established a new home state, the Texas court retains the power to modify all aspects of its decree, except

managing conservatorship of the child. *Heartfield*, 749 F.2d at 1142.

In this case, not only is there a new home state, but the jurisdiction of that state over custody has been invoked. The issue for our determination is whether the Texas court can exercise its power over other aspects of a motion to modify in a suit affecting the parent-child relationship when a court of another state has had its custody jurisdiction invoked.

*Visitation*

■ First, we address the visitation issue. The Family Code defines "custody" as "managing conservatorship of a child." Section 11.52(10). "Visitation" is defined as "possession of or access to a child." Section 11.52(11). The broader term encompassing both aspects is "custody determination," which is defined as "a court decision and court orders and instructions providing for the custody of a child, including visitation rights, but does not include a decision relating to child support or other monetary obligation of any person." Section 11.52(2).

The exception to the continuing jurisdiction of the court entering the decree is when the suit is to modify "custody." If the Family Code had intended to use the exception to apply to visitation as well, it could easily have used the broader term: "custody determination." *Heartfield*, 749 F.2d at 1141–43.

We conclude that the custody exception to the Texas court's continuing jurisdiction does not apply to visitation. Thus, the Texas court retains jurisdiction of visitation issues even though another state has had its custody jurisdiction invoked.

■ The Texas court is not required to exercise this jurisdiction over visitation. Section 11.56(c) provides that the Texas court may defer to another state's court.

1. Thomas Hemingway argues that because the definition of custody is "managing conservatorship" and he and Dawn Hemingway are joint managing conservators, section 11.53(d) does not prevent the Texas court from exercising jurisdiction. He contends that not every "party with custody" has established a new home state

because he is by definition a "party with custody" and still resides in Texas. The flaw in his argument is that the section applies to the party with custody *and* the child. The party with custody and the children established Indiana as their home state.

This section addresses the issue of simultaneous proceedings in another state after proceedings have begun in Texas. It provides in part:

> If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction, it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum.

Indiana has exclusive jurisdiction over the custody dispute, and it may be the more practical forum to resolve the ancillary dispute of visitation. But, the language of section 11.56 is permissive, not mandatory, and it does not require that the court with continuing jurisdiction defer to the jurisdiction of the other state. It merely requires the court with continuing jurisdiction to inform the other state that the proceedings were commenced.

■ Mandamus is an extraordinary remedy that is available only when the relator shows a legal right to the performance by the respondent of the duty sought to be enforced or a clear abuse of discretion. *Garza v. Harney,* 726 S.W.2d 198 (Tex. App.—Amarillo 1987, orig. proceeding).

We find that Dawn Hemingway did not have a clear legal right to have the Texas court defer to the Indiana court. The trial court acted within its discretion in retaining jurisdiction over visitation.

### Child Support and Attorney's Fees

■ Concerning the issues of modification of child support and of attorney's fees, due process requires that a court have personal jurisdiction over the obligor before it can order payment of these obligations. *See Cunningham v. Cunningham,* 719 S.W.2d 224, 228 (Tex.App.—Dallas 1986, writ dism'd w.o.j.). Texas has personal jurisdiction over Thomas Hemingway, a Texas resident. We find the Texas court has jurisdiction over these issues as they relate to his potential obligations. Determinations concerning the assessment of attorney's fees against Dawn Hemingway may be adequately addressed on appeal.

Accordingly, even though the Texas court does not retain jurisdiction over the custody dispute, it did not abuse its discretion in retaining jurisdiction over other aspects of the suit.

We deny the petition for writ of mandamus.