Hoechst **AKTIENGGESELLSCHAFT,**
Relator,

v.

**Hon. Weldon KIRK, Judge, Respondent.**

**HOECHST CORPORATION, Relator,**

v.

**Hon. Weldon KIRK, Judge, Respondent.**

**Nos. 11–93–072–CV, 11–93–073–CV.**

Court of Appeals of Texas,
Eastland.

Aug. 19, 1993.

---

Mark M. Donheiser, C. Vernon Hartline, Jr., Strasburger & Price, L.L.P., Dallas, for relator.

Charles M. Haden, Marc H. Linsey, Houston, Wayne B. Barfield, Thomas J. Upchurch, Jr., Amarillo, R. Temple Dickson, Moore, Dickson, Roberts & Ratliff, Inc., Charles Weldon Kirk, 32nd Dist. Court Judge, Frank W. Conard, II, Dist. Atty., Sweetwater, George Butts, Brown, McCarroll & Oaks Hartline, Austin, Steven C. Oaks, Brown, McCarroll & Oaks Hartline, J.D. Bashline, McLeod, Alexander, Powel & Apffel, P.C., Houston, for respondent.

PER CURIAM.

Relators Hoescht Aktienggesellschaft (AG), a German Corporation, and Hoescht Corporation, a Delaware Corporation, seek writs of mandamus directing the trial court to vacate its May 17, 1993, order overruling their special appearances and to enter an order granting their special appearances. See TEX.R.CIV.P. 120a. The controlling issue is whether mandamus is the proper remedy in these cases. We hold that relators have an adequate remedy by appeal and, therefore, that mandamus is not appropriate in these cases.

Relators, along with six other defendants, have been sued by more than 100 plaintiffs for damages arising from the alleged pollution of the water, air, and ground from a chemical plant in Pampa, Texas. Hoechst AG owns 100 percent of Hoechst Corporation which owns 100 percent of Hoechst Celanese Corporation, a Delaware Corporation. Hoechst Celanese Corporation in turn owns 100 percent of the Texas corporation, Hoechst Celanese Chemical Group, Inc., which owns and operates the Pampa chemical plant. All four of these corporations are named as defendants in the toxic tort suit pending in the district court.

Mandamus is an extraordinary remedy available in limited circumstances where a clear abuse of discretion has occurred or where a duty imposed by law has been violated and where there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833 (Tex.1992); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985). Mere error in judgment does not constitute an abuse of discretion. *Johnson v. Fourth Court of Appeals*, supra. Mandamus is not a proper remedy to review incidental rulings of the trial court, including pleas to the jurisdiction. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954 (Tex.1990); *Abor v. Black*, 695 S.W.2d 564 (Tex.1985); *Pope v. Ferguson*, 445 S.W.2d 950 (Tex.1969), *cert. den'd*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970); *Brown v. Herman*, 852 S.W.2d 91 (Tex.App.—Austin 1993) (original proceeding); *Owens v. Moore*, 778 S.W.2d 151 (Tex.App.—Houston [1st Dist.] 1989) (original proceeding). Mandamus is not a substitute for an interlocutory appeal. *Street v. Second Court of Appeals*, 715 S.W.2d 638 (Tex.1986); *Transports Aereos Nacionales v. Downey*, 817 S.W.2d 393 (Tex.App.—Houston [1st Dist.] 1991) (original proceeding).

It is well settled that an order overruling a special appearance is not subject to an interlocutory appeal. *Carpenter Body Works, Inc. v. McCulley*, 389 S.W.2d 331 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.), *cert. den'd*, 382 U.S. 979, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966). Relators cite *United Mexican States v. Ashley*, 556

S.W.2d 784 (Tex.1977); *Laykin v. McFall,* 830 S.W.2d 266 (Tex.App.—Amarillo 1992) (original proceeding); and *Hutchings v. Biery,* 723 S.W.2d 347 (Tex.App.—San Antonio 1987) (original proceeding), to support their position that mandamus, not an appeal from a final judgment, is the appropriate remedy to challenge the trial court's denial of their special appearances. We disagree.

In both *United Mexican States v. Ashley,* supra, and *Hutchings v. Biery,* supra, the appellate court was faced with compelling factors which made mandamus, and not direct appeal, the appropriate remedy. In *United Mexican States,* the doctrine of sovereign immunity protected the relator, the country of Mexico, from suit. *Hutchings* arose out of a child custody dispute. As the Supreme Court noted in *Proffer v. Yates,* 734 S.W.2d 671 (Tex. 1987), appeal is frequently inadequate to protect the rights of children and parents in family law situations. See also *White v. Blake,* 859 S.W.2d 551 (Tex.App.—Tyler, 1993) (original proceedings). We decline to follow the holding of the Amarillo Court in *Laykin v. McFall,* supra. Instead, we join the Tyler, El Paso, and Dallas Court of Appeals in holding that, absent compelling factors, appeal is an adequate remedy for challenging the denial of a special appearance. *White v. Blake,* supra; *National Industrial Sand Association v. Gibson,* 855 S.W.2d 790 (Tex.App.—El Paso 1993) (original proceeding); *N.H. Helicopters, Inc. v. Brown,* 841 S.W.2d 424 (Tex.App.— Dallas 1992) (original proceeding).

Relators have not established that mandamus is an appropriate remedy. Therefore, the petitions for writ of mandamus are refused.