[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant father has filed a motion to dismiss pursuant to the inconvenient forum provisions of the Uniform Child Custody Jurisdiction Act (UCCJA). The parties have agreed that this court can decide the issue raised in this Motion to Dismiss after it contacts Judge Bruce S. Kessler, Associate Judge, 245th District, Harris County, Texas.
FACTS
The marriage of the parties was dissolved by judgment of the District Court of Harris County, 245th Judicial District, Houston, Texas, file number 91-05701 in July 1991. Pursuant toC.G.S. § 46b-71, a certified copy of the Texas judgment has been filed with the clerk of the Superior Court at Stamford on May 23, 1996. The Texas judgment had been modified by a court order dated March 25, 1996 and May 17, 1996. The certification of May 23, 1996 issued by the plaintiff mother pursuant to C.G.S.§ 46b-71 stated that such "judgment is final, has not been modified, altered, amended, set aside or vacated and that the enforcement of such judgment has not been stayed or suspended." CT Page 146-GC.G.S. § 46b-71 (a). The father has offered no disagreement with that certification.
The parties have one minor child issue of the marriage who is currently eight years of age. The mother and the minor child moved to Connecticut in 1993 and have continued to reside in Connecticut. The minor child has regularly visited her father who has remained a resident of Harris County, Texas.
In February, 1996 the father, still a Texas resident, filed a motion to modify child support in the Texas divorce file. The mother, still a Connecticut resident, hired Texas counsel and opposed the motion to modify child support. While that child support motion was pending the mother filed a motion to modify visitation in the Texas divorce case. The parties by agreement entered certain orders and on March 22, 1996 an evidentiary hearing was held in Harris County, Texas before Judge Bruce S. Kessler. On March 25, 1996 in a written decision Judge Kessler found that the Texas court "has continuing jurisdiction of this case and of all parties." He granted the child support modification motion. The mother's visitation modification motion was denied.
The mother filed an appeal of that decision. On May 17, 1996 the parties by agreement modified the March 25, 1996 order and CT Page 146-H the court entered a Reformed Order Modifying Previous Order. The mother's appeal was withdrawn. No further pleadings, filings or appeals have taken place in Texas since May 17, 1996. The May 17, 1996 Reformed Order Modifying Previous Order signed by counsel for both parties stated that the Court "finds that it has continuing jurisdiction of this case and of all the parties."
On June 20, 1996, the mother filed a Motion For Modification of Visitation with the Superior Court in Connecticut. The claim for relief stated "Wherefore the Plaintiff requests that the court order that the visitation schedule with the father and the minor child be modified since a modification would be in the child's best interest." In addition, the mother filed a Motion For Contempt alleging that the father has not paid one-half of the unreimbursed health care expenses of the minor child.
Pursuant to an Order of Notice issued by the clerk of the Superior Court at Stamford, the father was served with the Motion For Contempt and the Motion For Modification of Visitation on July 9, 1996. The motions were returnable to the Superior Court on August 6, 1996.
On August 5, 1996, the father appeared by counsel of record in the State of Connecticut and filed this instant Motion to Dismiss. Both parties filed memorandum of law including CT Page 146-I references to out-of-state cases on the issues in question. The court also examined the Uniform Child Custody Jurisdiction Act adopted by Connecticut, C.G.S. § 46b-91 — § 46-114, the Uniform Child Custody Jurisdiction Act as adopted by the State of Texas, V.T.C.A. Family Code Section 11.0 et. seq., and the Parental Kidnapping Prevention Act (PKPA)28 U.S.C. § 1738A et. seq.
The parties entered into a stipulation dated October 15, 1996 which stated that they had "no objection to Judge Kevin Tierney, in determining subject matter jurisdiction in defendant's Motion To Dismiss dated August 5, 1996, contacting both Judge Bruce S. Kessler, Associate Judge, 245th District, Harris County, Texas, Judge Annette Galick at (713) 755-6935, and/or any other judge necessary." After conducting a review of the entire file, as well as the items indicated above, this court on December 9, 1996 discussed this matter by telephone with Judge Bruce S. Kessler.
DISCUSSION OF LAW
"The UCCJA creates a two tier approach to the issue of jurisdiction. . . The first is contained in § 46b-93, which establishes the general class of custody cases that will be within the trial court's jurisdiction. The second tier is embodied in General Statutes § 46b-97, which is intended to CT Page 146-J vest only one state with jurisdiction at any given time." Mullerv. Muller, 43 Conn. App. 327, 335 (1996).
 "These two questions, whether jurisdiction exists under § 46b-93 and whether it should be declined pursuant to § 46b-97, however, are separate and distinct under the UCCJA, which envisages that where concurrent jurisdiction exists, only one state should exercise that jurisdiction. Brown v. Brown, 195 Conn. 98, 107, 486 A.2d 1116 (1985). Thus, a court's first inquiry must always be whether it has jurisdiction under § 46b-93. If it can assume jurisdiction under § 46b-93, a potential concurrent jurisdictional situation arises. If the court determines that it does not have jurisdiction under § 46b-93, it need not and may not determine whether Connecticut is an inconvenient forum under § 46b-97."
Muller v. Muller, supra, 335-336.
The mother claims that Connecticut has jurisdiction under the UCCJA by reason of the fact that the child has been residing in the State of Connecticut for more than six consecutive months. "Home state means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as a parent, for at least six consecutive CT Page 146-K months. . ." C.G.S. § 46b-92 (5); C.G.S. § 46b-93(a)(i)(A).
The father claims that Texas has jurisdiction under the Parenting Kidnapping Prevention Act, 28 U.S.C. § 1738A(d): "The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant." The father remains a resident of the State of Texas. Subsection (c)(1) states as follows: "A child custody determination made by a court of a State is consistent with the provisions of this section only if (1) such court has jurisdiction under the law of such State". The father notes that Texas issued the divorce in July 1991. The father also argues that the mother submitted to Texas jurisdiction by filing a visitation modification motion in March 1996. The mother submits that she only did so in response to a prior motion made by the father. The father furthers argues that in his decisions of March 25, 1996 and May 17, 1996 Judge Kessler found that Texas has continuing jurisdiction over this cause and all of the parties.
Therefore, it appears to this court that the State of Connecticut has jurisdiction by reason of the "home state" CT Page 146-L standards. The State of Texas also has jurisdiction because it granted the divorce, entered the initial custody and visitation orders, continues to be the residence state of the father and the state where the visitation by the minor child occurs.
Therefore, since both states have jurisdiction, it is necessary to turn to the issue of inconvenient forum under C.G.S.§ 46b-97.
 "Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties." C.G.S. § 46b-97.
The consultation, by this court with Judge Kessler and its review of the memorandum of law submitted in support of the motion to dismiss, brought to the court's attention Texas law that applies to visitation issues. Under Texas law even when the state of Texas loses jurisdiction over custody, it can still retain jurisdiction over visitation issues. The reason is that Texas legislature treats custody and visitation separately. V.T.C.A.Family Code § 11.52 (11) and 11.53. "Except on written CT Page 146-M agreement of all parties, a court may not exercise its continuing jurisdiction to modify custody of a child and the party with custody who established another home state unless the action to modify was filed before the new home state was acquired."V.T.C.A. Family Code § 11.53(d). Under Texas law, if Texas no longer has custody jurisdiction under the UCCJA, it still may retain continuing jurisdiction over visitation conducted in Texas. Heminway v. Robertson, 778 S.W.2d 199, 201 (1989);Hutching v. Biery, 723 S.W.2d 347, 349 (1987); Heartfield v.Heartfield, 749 F.2d 1138, 1141-42 5th Cir. (1985); Welborn v.Hosler, 870 S.W.2d 323 (Texas 1994).
Welborn v. Hosler involved a Texas divorce decree. The minor child later moved with the mother to North Carolina. The father remained a Texas resident. The Texas court concluded that North Carolina and Texas had concurrent jurisdiction. The Texas court looked to the PKPA which takes precedent over any state law. The court found Texas had jurisdiction due to its exercising original jurisdiction in compliance with the PKPA, and Texas continued to maintain jurisdiction as per the PKPA because the father still resided in Texas and under the Texas statute on continuing jurisdiction, Texas still retained jurisdiction over access to the child. Tex. Fam. Code and § 11.01. Under Texas law, even when Texas loses jurisdiction over custody it can still retain jurisdiction over visitation issues because of the separate CT Page 146-N definition of custody and visitation under the Texas statute.
CONCLUSION
This court believes that the State of Connecticut would possess the greater information about the 8 year old child if the issue were custody. The child has resided in Connecticut for the past three years. Virtually, all the child's school records are in Connecticut. The child has been counseled in the Connecticut area. The medical records for the child are in Connecticut. The child's adult supervisors and peers, for the most part, are in Connecticut. The only contact the child has had with Texas in the last three years is visitation with her father. On balance, Connecticut would seem to possess the greater information as to the child's best interests if the issue was only custody.
The only issue before the court is visitation. There is no evidence that any visitation took place in Connecticut. It appears all the visitation took place in Texas. Who the child contacted and under what circumstances during a Texas visitation would all be Texas bound information. On balance, Texas would seem to possess the greater information as to the child's best interests if the issue was only visitation.
Judge Kessler recommended that the State of Connecticut CT Page 146-O retain jurisdiction for any custody and the child support issues raised. Judge Kessler, based on Welborn v. Hosler recommended Texas jurisdiction for visitation. This court concurs based upon a review of the cases in question, the unique characteristics of Texas visitation law and the fact that the visitation takes place in the State of Texas. Connecticut is an inconvenient forum for the Motion To Modify Visitation.
The Motion to Dismiss should be granted on that basis.
Connecticut General Statutes § 46b-97 (e) states as follows:
 If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.
Based on C.G.S. § 46b-97 (e), this court orders that the proceedings be stayed until a visitation proceeding is pending in Harris County, Texas. Upon satisfactory proof thereof, this Motion to Dismiss will be granted. CT Page 146-P
TIERNEY, J.