Cynthia Satel **ALLISON**, Appellant,

v.

Douglas Alan **ALLISON**, Appellee.

No. 13–98–176–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 30, 1999.

John Bruce Schorsch, Michael Piersen Hutchens, Jeffrey Richard Erler, Dallas, for appellant.

Sandra Watts, William J.. Kelly, O'Reilly & Kelly, Corpus Christi, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

DORSEY, Justice.

This is an appeal from the trial court's order denying appellant's plea to the jurisdiction. By a single issue, appellant challenges the trial court's assumption of jurisdiction. We affirm.

Cynthia Satel Allison, appellant, and Douglas Alan Allison, appellee, were divorced by the 319th Judicial District Court of Nueces County, Texas, on December 17, 1993. At that time, the court signed a divorce decree appointing appellant the

sole managing conservator of the parties' only child. Appellee was appointed the possessory conservator and was given standard visitation rights upon the child's third birthday, with some minor exceptions. At the time of the divorce, appellant, appellee, and the child were all residents of Texas.

In 1994, appellant and the child moved to Colorado. They have lived there without interruption since February 1994. After some disputes arose in 1996, appellant registered the Texas trial court's divorce decree in Colorado. On October 25, 1996, appellant filed a Verified Motion to Modify Parenting Time and a Verified Motion for Appointment of a Parenting Time Evaluator[1] in a Colorado district court. On October 31, 1996, appellee, who remains a resident of the State of Texas, filed a Motion to Modify in Suit Affecting the Parent–Child Relationship in the Texas district court which entered the divorce decree. This motion sought minor modification of the terms of his visitation rights. In response, appellant filed a plea to the jurisdiction and a Counter-motion to decline exercise of jurisdiction in the Texas court.

During the pendency of the Plea, the trial court determined that separate actions had been filed in Texas and Colorado. After a conference call on the matter, the Colorado court agreed to defer its determination of jurisdiction until the Texas court ruled on appellant's Plea to the Jurisdiction. On December 18, 1997, the Texas court conducted a hearing on appellant's Plea and entered an order denying the Plea on January 12, 1998. Subsequently, the Colorado court declined to assume jurisdiction over these matters. The parties have settled all other issues.

■ By her sole issue, appellant contends that the Texas Uniform Child Custody Jurisdiction Act[2] (UCCJA) does not permit a Texas court to exercise jurisdiction over this suit. She bases her contention on the fact that the child has acquired a new home state prior to the filing of the Motion to Modify. Therefore, she argues, no facts are present to indicate that the four determinative tests stated in the Act[3] are satisfied.

The UCCJA creates a system of concurrent jurisdiction in custody determinations, allowing two states to have subject matter jurisdiction to modify a decree involving the same children. TEX. FAM. CODE ANN. § 152.001 (Vernon 1998); *In Interest of S.A.V.,* 837 S.W.2d 80, 87 (Tex.1992).

The Texas Family Code provides that a court acquires continuing, exclusive jurisdiction within this state over Suits Affecting the Parent–Child Relationship by rendering a final order on the matter. TEX. FAM. CODE ANN. § 155.001(a) (Vernon 1998). A court with continuing, exclusive jurisdiction to modify possessory conservatorship may exercise that jurisdiction if the child or a party to the suit maintains his or her principal residence within the State of Texas or if each party has consented to transfer continuing, exclusive jurisdiction to another state. TEX. FAM. CODE ANN. § 155.003(c) (Vernon 1998). The family code further provides:

> A court of this state loses its continuing, exclusive jurisdiction to modify its order if:

---

1. These are essentially the equivalent of a motion to modify visitation rights.

2. TEX. FAM. CODE ANN. § 152.001 *et seq.* (Vernon 1998).
   We note as an aside that the Texas Legislature has recently adopted the Uniform Child Custody Jurisdiction and Enforcement Act. This Act significantly changes the law which governs this dispute. However, the new law will apply only to an original Suit Affecting the Parent–Child Relationship and a suit for modification filed on or after September 1, 1999. *See* Harry L. Tindall, *Amendments to the Texas Family Code, 76th Legislature, Regular Session: Child in Relation To The Family,* STATE BAR OF TEX. SEC. FAMILY L. REP. 37 (Summer 1999).

3. TEX. FAM. CODE ANN. § 152.003(a) (Vernon 1998).

(1) an order of adoption is rendered after the court acquires continuing, exclusive jurisdiction of the suit;

(2) the parents of the child have re-married each other . . . .; or

(3) another court assumed jurisdiction over a suit and rendered a final order based on incorrect information received from the bureau of vital statistics that there was no court of continuing, exclusive jurisdiction.

TEX. FAM. CODE ANN. § 155.004(a) (Vernon 1998).

Pursuant to the UCCJA, jurisdiction to enter a child custody determination arises from one of four sources:

• Texas is the home state of the child as of the date suit is commenced or had been the child's home state within six months of filing, the child was removed by a person claiming custody and a parent or person acting as a parent continues to live in Texas;

• It appears that no other state would have home state jurisdiction and it is in the best interest of the child that Texas assume jurisdiction because the child and at least one contestant have a significant connection with Texas other than mere physical presence, and there is available substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

• The child is present in Texas and has been abandoned or it is necessary to protect the child in an emergency because the child has been subjected to or threatened with abuse or is otherwise neglected or there is a serious and immediate question concerning the welfare of the child; [or]

• It is in the best interest of the child that Texas assume jurisdiction and it appears that no other state would have jurisdiction under the first three prongs or another state has declined to exercise jurisdiction on the ground that Texas is the more appropriate forum.

TEX. FAM. CODE ANN. § 152.003(a) (Vernon 1998); *see Coots v. Leonard,* 959 S.W.2d 299, 302 (Tex.App.—El Paso 1997, no writ). The Colorado version of this statute is substantially similar. COLO. REV. STAT. ANN. § 14–13–104(1)(a) (West 1998) (Colorado adoption of UC-CJA).

These different statutes give Texas and Colorado courts concurrent jurisdiction over this matter. Because the child has lived in Colorado for more than six months before these proceedings were brought, Colorado is his new "home state" and has acquired subject matter jurisdiction over his status. *Id.; see also Kudler v. Smith,* 643 P.2d 783, 786 (Colo.App.1981). However, Texas also has continuing subject matter jurisdiction over the original custody determination made in the 1993 Texas divorce decree. TEX. FAM. CODE ANN. §§ 155.001(a) & 155.004(a) (Vernon 1998); *see also S.A.V.,* 837 S.W.2d at 87.

■ Appellant contends that the Texas court has no power to exercise its jurisdiction because subsection (d) of the Texas UCCJA states: "Except on written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify custody if the child and the party with custody have established another home state unless the action to modify was filed before the new home state was acquired." TEX. FAM. CODE ANN. § 152.003(d) (Vernon 1998). In short, appellant argues that this is a custody dispute, leaving the Texas court powerless to modify custody because the child has acquired a new home state. However, Texas courts have consistently distinguished between "custody" and "visitation" for jurisdictional purposes. *See Coots,* 959 S.W.2d at 302–03; *Welborn–Hosler v. Hosler,* 870 S.W.2d 323, 327 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Hemingway v. Robertson,* 778 S.W.2d 199, 201 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding); *Hutchings v. Biery,* 723 S.W.2d 347, 348–49 (Tex. App.—San Antonio 1987, orig. proceeding).

According to these courts, the Texas Legislature has determined that "when the child has resided in another state for the six months prior to the proceeding, the other state has become the new 'home state' and Texas no longer has jurisdiction over 'custody.'" *Hosler*, 870 S.W.2d at 327. "Custody" is defined in the Texas Family Code as "managing conservatorship of a child." TEX. FAM. CODE ANN. § 152.002(2) (Vernon 1998). "Visitation" is separately defined as "possession of or access to a child." TEX. FAM. CODE ANN. § 152.002(11) (Vernon 1998). The courts have noted that "the exception to continuing jurisdiction in the Family Code mentions only 'custody' and does not include 'visitation.'" *Hosler*, 870 S.W.2d at 327 (citing *Hemingway*, 778 S.W.2d at 201; *Hutchings*, 723 S.W.2d at 349); *see also Heartfield v. Heartfield*, 749 F.2d 1138, 1141–43 (5th Cir.1985); TEX. FAM. CODE ANN. § 152.003(d) (Vernon 1998). The courts have concluded that the Legislature has distinguished the term "custody" from the term "custody determination," which is defined as "a court decision and court orders and instructions providing for the custody of a child, including visitation rights, but does not include a decision relating to child support or any other monetary obligation of any person." TEX. FAM. CODE ANN. § 152.002(3) (Vernon 1998); *see also Hosler*, 870 S.W.2d at 327. Thus, had the Legislature intended to include visitation within the exception to Texas's continuing jurisdiction, "it would have either used the term 'custody determination' or it would have included the word 'visitation.'" *Hosler*, 870 S.W.2d at 327 (citing *Hemingway*, 778 S.W.2d at 201). Therefore, Texas "retains power to modify all aspects of its decree except for managing conservatorship." *Hosler*, 870 S.W.2d at 327 (citing *Henry v. Rivera*, 783 S.W.2d 766, 769 (Tex.App.—San Antonio 1990, no writ)).[4] This ensures that "the 'left-behind' parent is … assured of access to the Texas court for modification of visitation and of the child support obligation." *Heartfield*, 749 F.2d at 1142 (citing John J. Sampson & Harry L. Tindall, *The UCCJA Comes to Texas—As Amended, Integrated and Improved*, 46 TEX. B.J. 1096, 1103 (1983)).

■ Thus, we are left with a conflict between concurrent jurisdictional claims. When two states have concurrent jurisdiction, we look to the Parental Kidnapping Prevention Act (PKPA) to prevent jurisdictional conflicts. 28 U.S.C. § 1738A (1998). Where a conflict arises the PKPA takes precedence over state law. *See S.A.V.*, 837 S.W.2d at 88. The PKPA provides, in relevant part:

(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.

\*   \*   \*   \*   \*   \*

(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

28 U.S.C. § 1738A (a) & (d) (1998). Subsection (c)(1) states:

(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—

(1) such court has jurisdiction under the law of such State.

. . .

28 U.S.C. § 1738A (c)(1) (1998). The PKPA, also limits the power of a foreign State to modify the determination made by a court in a State of superior jurisdiction:

---

4. The analysis in this line of cases has become generally accepted. *See* James W. Paulsen, *Family Law: Parent and Child*, 51 SMU L. REV. 1087, 1113 (1998).

(f) A court of a State may modify a determination of the custody of the same child made by a court in another State, if—

> (1) it has jurisdiction to make such a child custody determination; and

> (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

28 U.S.C. § 1738A (f) (1998).

Our analysis of the relevant provisions of the PKPA shows that in issuing the divorce decree, the Texas court has made a child custody determination within its jurisdictional power. 28 U.S.C. § 1738A (c) & (d) (1998). The child's father remains a resident of the State of Texas and is a contestant to both the divorce decree and the present Motion to Modify. *Id.* While we agree that the Colorado court has concurrent jurisdiction over the subject matter of this suit, the record unequivocally demonstrates that the Texas court has not declined to exercise its jurisdiction at any point in time. 28 U.S.C. § 1738A (f) (1998).

We review a trial court's determination regarding the exercise of jurisdiction under an abuse of discretion standard. *Creavin v. Moloney,* 773 S.W.2d 698, 702 (Tex.App.—Corpus Christi 1989, writ denied). Thus, we will reverse the trial court's determination only if we find the court acted without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex. 1985). Based on the foregoing, we conclude the Texas court did not abuse its discretion in exercising its jurisdiction in this circumstance.

Accordingly, the order of the trial court is AFFIRMED.