**In re The Marriage of Tommy Wayne RANDOLPH, Appellant–Petitioner,**

v.

**Cindy Luise RANDOLPH, Appellee–Respondent.**

**No. 49A05–9908–CV–396.**

Court of Appeals of Indiana.

Jan. 26, 2000.

Michael Cheerva, Melissa J. Avery, Indianapolis, Indiana, Attorneys for Appellant.

Deborah M. Agard, Maureen E. Gaddy, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge

Petitioner–Appellant Tommy Wayne Randolph ("Tommy") appeals the trial court's determination in a visitation modification action filed by Respondent–Appellee Cindy Luise Randolph ("Cindy").

We reverse and remand.

Tommy raises two issues for our review, which we restate as:

I.  Whether the trial court erred in assuming post-emergency jurisdiction to modify the visitation provisions of a Texas divorce decree.

II. Whether the trial court erred in determining it had continuing emergency jurisdiction.

Tommy and Cindy were divorced in Texas on April 1, 1988. Pursuant to the Texas divorce decree, Cindy was awarded custody of their child, Joshua. Tommy was awarded specified visitation rights.

In 1992, further proceedings were held in Texas after which Tommy's visitation rights were modified. These visitation rights provided, *inter alia*, for summer visitation for six weeks between June 1 and August 31 of each year. Tommy's child support obligation was modified in 1996 when the Texas court approved the parties' modification agreement.

For the last eleven years, Cindy and Joshua have lived in Indiana. Tommy continues to reside in Texas. In 1992, when Cindy attempted to address visitation issues in Indiana, the Texas court declined to relinquish its jurisdiction over the case.

On March 18, 1999, Cindy filed an "Emergency Petition to Suspend Visitation and Petition for Modification [of Visitation]" in an Indiana trial court. The trial court granted Cindy's request to suspend visitation, and Tommy filed a motion to correct error challenging the trial court's jurisdiction. A hearing was held in the Indiana trial court on May 25, 1999, and on August 4, 1999, the court entered an order

denying Tommy's motion to correct error and asserting its jurisdiction to decide the visitation issue. Tommy now appeals.

Tommy contends that the Indiana trial court misinterpreted the applicable law in determining that it had post-emergency jurisdiction over the visitation issue in this matter. Specifically, Tommy contends that the trial court misinterpreted the Indiana Uniform Child Custody Jurisdiction Law ("UCCJL"), the Texas Uniform Child Custody Jurisdiction Act ("UCCJA"), and the Federal Parental Kidnaping Prevention Act ("PKPA").

■ In reviewing the propriety of the trial court's assertion of jurisdiction in this matter, we must determine whether the trial court correctly interpreted the various statutes involved. The interpretation of a statute by a trial court is a question of law to which this court owes no deference. *Morgan County v. Ferguson*, 712 N.E.2d 1038, 1043 (Ind.Ct.App.1999).

■ Under Indiana's UCCJL, when modification of an order from another state is sought in an Indiana court, the Indiana court must first establish either that the court of the originating state (here, Texas) does not now have jurisdiction or that it has declined to exercise its jurisdiction. *Wilcox v. Wilcox*, 635 N.E.2d 1131, 1134 (Ind.Ct.App.1994) (interpreting Indiana's UCCJL at Ind.Code § 31–1–11.6–14, now Ind.Code § 31–17–3–1 *et. seq.*). It is only after it is determined that the court of the originating state does not have jurisdiction or has declined to exercise jurisdiction that the Indiana court may consider other factors, such as the

"home state" or "significant connections" tests. *Id.*

■ The PKPA mandates a similar approach. In 28 U.S.C. § 1738A(d), the PKPA states that the jurisdiction of the court of the originating state continues "as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant." Subsection (c)(1) of § 1738A states that "such court has jurisdiction under the law of such State."[1] Stated simply, the PKPA, like Indiana's UCCJL, would prohibit the exercise of jurisdiction by the Indiana trial court in the present case if the Texas court has continuing jurisdiction and it has not declined to exercise such jurisdiction.[2]

■ In determining whether Texas has continuing jurisdiction over visitation issues, we look to the Texas UCCJA and the cases interpreting it.[3] The Texas Family Code provides that a Texas court acquires continuing, exclusive jurisdiction by rendering a final order in an action involving the parent-child relationship. TEX. FAM. CODE ANN. § 155.001(a); *Allison v. Allison*, 3 S.W.3d 211 (Tex.App.1999). The Texas UCCJA states, however, that the Texas court has no power to "exercise its continuing jurisdiction to modify custody if the child and the party with custody have established another home state unless the action to modify was filed before the new home state was acquired." TEX. FAM. CODE ANN. § 152.003(d).

■ It is upon § 152.003(d) that the Indiana trial court in this case based its determination that the Texas court could not exercise its continuing jurisdiction.

---

1. Here, the trial court appears to have included the requirements of subsection (c)(2) in its consideration under 28 U.S.C. § 1738A(d). In doing so, the trial court erred as the language of the PKPA clearly states that (c)(1) is the relevant subsection.

2. The parties do not dispute that Tommy is a contestant and that he resides in Texas. Accordingly, the second requirement of the PKPA has been met.

3. We note that Texas has recently adopted the Uniform Child Custody Jurisdiction and Enforcement Act. This act applies only to an original action affecting the parent-child relationship and an action for modification filed on or after September 1, 1999. Accordingly, it is not applicable in the present case.

The Indiana trial court, assuming that this is a custody dispute under the Texas statute, also determined that it could assert jurisdiction to modify visitation because Indiana is the new home state. The trial court, however, is in error. The Texas courts have consistently distinguished between "custody" and "visitation." *See e.g., Allison, id.; Coots v. Leonard,* 959 S.W.2d 299, 303–03 (Tex.App.1997); *Welborn–Hosler v. Hosler,* 870 S.W.2d 323, 327 (Tex. App.1994); *Hemingway v. Robertson,* 778 S.W.2d 199, 201 (Tex.App.1989). The courts have looked to the Texas Family Code, which defines "custody" as "managing conservatorship of a child" and "visitation" as "possession or access to a child." *Id.* (*citing* TEX. FAM. CODE ANN. § 152.002(2) and (11)). The courts have noted that "the exception to continuing jurisdiction" in the Family Code mentions only "custody" and does not include "visitation." *Id.* The courts have concluded that the Texas legislature distinguished the term "custody" from the term "custody determination," which is defined as "a court decision and court orders and instructions providing for the custody of a child, including visitation rights, but does not include a decision relating to child support or any other monetary obligation of any person." *Id.* (*citing* TEX. FAM. CODE ANN. § 152.002(3)). Thus, the courts have held that had the legislature intended to include visitation within the exception to Texas's continuing jurisdiction, "it would have either used the term 'custody determination' or it would have included the word 'visitation.' Therefore, Texas retains power to modify all aspects of its decree except for managing conservatorship." *Id.* (internal citations omitted).

The Indiana trial court has misinterpreted the relevant statutes. Its misinterpretation of the statutes led to its erroneous conclusions that (1) Texas did not have continuing jurisdiction over the modification of the visitation issue, and (2) Indiana could assert post-emergency jurisdiction as the "home state."

 Tommy contends that the trial court erred in concluding that it had the power to suspend visitation or modify the Texas decree under its "emergency jurisdiction," and that an emergency still exists which necessitates the exercise of the court's continuing emergency jurisdiction to suspend visitation pending a final hearing upon Cindy's motion to modify visitation. Tommy argues that the UCCJL does not provide for emergency jurisdiction, and that the emergency, if it ever existed, has now passed.

The "emergency" alleged by Cindy in her petition pertained to Joshua's expressed concerns about visiting Tommy in Texas. Assuming, without deciding, that the Indiana UCCJL permits the exercise of "emergency jurisdiction," we find that there is no emergency which requires the exercise of the Indiana trial court's jurisdiction in this case.[4] Cindy is free to file an emergency petition with the Texas trial court, which may exercise its discretion to rule on the petition or to decline to exercise jurisdiction pursuant to TEX. FAM. CODE ANN. § 152.001.

Reversed and remanded with instructions that the Indiana trial court vacate its order.

SULLIVAN, J., and BAILEY, J., concur.

---

4. We note that the PKPA does authorize a trial court to exercise jurisdiction when a child is physically in the State and "it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse." 28 U.S.C. § 1738A(c)(2)(C).