NUMBER 13-02-228-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




IN RE G.M., A MINOR CHILD




On appeal from the 94th District Court
of Nueces County, Texas.




CONCURRING MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Castillo
Concurring Memorandum Opinion by Justice Castillo
          
I. BACKGROUND
          This appeal is before us on appellant's pro se brief. Respectfully, I would address: 
(1) appellant's issue regarding indigency; and, (2) the trial court's jurisdiction. Generally,
the absence of a reporter's record precludes any relief on appeal. Christiansen v.
Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam). See Tex. R. App. P. 37.3(c). 
Where an appeal involves no factual dispute, but strictly questions of law, no reporter's
record is required. Office of Publ. Util. Counsel v. Pub. Util. Comm'n, 878 S.W.2d 598,
599-600 (Tex. 1994) (per curiam). We are required to address every issue raised and
necessary to the final disposition of an appeal. Tex. R. App. P. 47.1. 
          As a general proposition, before a court may address the merits of any case, the
court must have jurisdiction over the party, jurisdiction over the subject matter, jurisdiction
to enter the particular judgment, and capacity to act as a court. State Bar of Texas v.
Gomez, 891 S.W.2d 243, 245 (Tex. 1994). Here, assuming without deciding that we are
compelled to proceed solely on the clerk's record before us and without deciding
appellant's indigency question, I agree with the majority that we must indulge all
presumptions in favor of the trial court's findings and decide only the issues not requiring
a review of the reporter's record. However, I would determine first whether issues not
requiring our review of the reporter's record are raised in this appeal. Two sub-issues are
compelling. 
          First, appellant sought a free reporter's record. The trial court denied her
application. She has brought the matter to our attention.


 Respectfully, I would abate the
appeal and request the trial court to enter findings of fact and conclusions of law
addressing specifically the denial of her application to obtain a free reporter's record.


 
While I agree that an appellant has the burden to present a record to the appellate court
that shows the error about which she is complaining, Zuyus v. No'Mis Comm., Inc., 930
S.W.2d 743, 748 (Tex. App.–Corpus Christi 1996, no writ), indigency may well prevent an
appellant from meeting that threshold burden.
          Second, in her first issue, appellant challenges the trial court's jurisdiction. Appellant
asserts that the trial court never acquired exclusive, continuing jurisdiction, and, if it did,
it lost continuing jurisdiction when the child's residence was no longer in the state of Texas. 
Whether a trial court has jurisdiction is a question of law subject to de novo review. Tex.
Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Appellant complains the trial
court lacked jurisdiction. Our jurisdiction must be established because our jurisdiction
extends no further than that of the court from which the appeal is taken. Warner-Lambert
Co. v. Mills, 117 S.W.3d 488, 490 (Tex. App.–Beaumont 2003, no pet.) (citing Pearson v.
State, 315 S.W.2d 935, 938 (1958)); Nabejas v. Tex. Dep't of Pub. Safety, 972 S.W.2d
875, 876 (Tex. App.–Corpus Christi 1998, no pet.). Our initial inquiry is always whether
we have jurisdiction over an appeal. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 443 (Tex. 1993). We are obligated to determine, sua sponte, our own jurisdiction. 
N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam); 
Welch v. McDougal, 876 S.W.2d 218, 220 (Tex. App.–Amarillo 1994, writ denied). If the
trial court lacked jurisdiction, an appellate court only has jurisdiction to set the judgment
aside and dismiss the cause. See Dallas County Appraisal Dist. v. Funds Recovery, Inc.,
887 S.W.2d 465, 468 (Tex. App.–Dallas 1994, writ denied). 
          Indeed, every reasonable presumption will be indulged to sustain a judgment and
nothing will be presumed against it. Miller v. Hood, 536 S.W.2d 278, 285 (Tex. Civ.
App.–Corpus Christi 1976, writ ref'd. n.r.e.). And, all prior requisites to the rendition of a
judgment will be presumed to have been fulfilled. Id. Further, absent direct proof to the
contrary, recitations in a judgment are presumed true and control the rest of the record. 
See Allen v. Bolton, 416 S.W.2d 906, 911 (Tex. Civ. App.–Corpus Christi 1967, no writ). 
 However, jurisdiction of a court is never presumed. See Tex. Ass'n. of Bus., 852 S.W.2d
at 443-44 (Tex. 1993); El-Kareh v. Tex. Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194
(Tex. App.–Houston [14th Dist.] 1994, no writ). As jurisdiction is fundamental and may not
be ignored, a reviewing court must inquire into it, even if it is necessary to do so sua
sponte. White v. Schiwetz, 793 S.W.2d 278, 281 (Tex. App.–Corpus Christi 1990, no writ). 
          Thus, respectfully, I conclude that the review of the clerk's record in this case
presents a serious question of jurisdiction.  II. THE RECORD
          Appellant is the mother and appellee is the father of the minor child, G.M. In 1995,
appellant filed a suit affecting parent-child relationship ("SAPCR") in Texas requesting
appointment as sole managing conservator of the child. In the pleading, appellant
addressed jurisdiction:
2. Jurisdiction. No court has continuing jurisdiction of this suit or the
children the subject of this suit. Texas is the home state of the child.

The first order the trial court entered awarded temporary sole managing conservatorship
of the minor child to appellant. The order stated, in part:
2. Jurisdiction. The Court, having examined the pleadings and heard the
evidence and argument of counsel, finds it has jurisdiction of this cause and
of all the parties and that no other court has continuing, exclusive jurisdiction. 

In June 2000, appellee filed his counter-petition and as to jurisdiction alleged:
2. Jurisdiction.
This Court has acquired and enjoys exclusive jurisdiction of this suit,
of the parties, and of the child the subject of this suit as a result of prior
proceedings, and as a result of the invocation of jurisdiction by [appellant] in
filing her Original Suit Affecting the Parent-Child Relationship. 
 
On the commencement of the proceeding filed by Petitioner, Texas
was the home state of the child. Texas would have remained the home state
of the child, and/or the child would not have been absent from the state but
for the actions of Petitioner in removing the child. 

          After numerous contested proceedings, the parties tried the issue of conservatorship
to a jury. The trial court entered judgment awarding sole managing conservatorship to
appellee and possessory conservatorship to appellant, consistent with the jury's answers
to jury questions in the court's charge.



          The final judgment addressed jurisdiction, as follows:
The Court, after examining the record, relevant provisions of state and
federal law, having heard the evidence, and argument of counsel, finds that
it has jurisdiction of this case and of all the parties and that no other court
has continuing exclusive jurisdiction of this case. All persons entitled to
citation were properly cited.

Regarding continuing jurisdiction, the final judgment stated:
          11. Statement Regarding Continuing Jurisdiction
It is intended that these orders are to be construed as final orders in
a suit affecting parent-child relationship. However, considering the
continuing nature of jurisdiction over suits affecting the parent-child
relationship, and considering the provisions of Title 28 U.S.C. §1738A (the
Parental Kidnaping Prevention Act), principles of the Uniform Child Custody
Jurisdiction and Enforcement Act, or the Uniform Child Custody Jurisdiction
Act, if still applicable, principles of comity, "home state" designation, and
principles of forum non conveniens, the Texas Court of continuing jurisdiction
intends to decline the further exercise of jurisdiction once this order becomes
final by operation of law, or, if appropriate, upon the institution of further
proceedings in the child's home state of California, which the court
determines from this point in time forward is the more appropriate forum to
determine enforcement or modification of these final orders in suit affecting
parent-child relationship. 

          The parties do not dispute that, prior to the time appellant filed the SAPCR in Texas
and prior to the entry of the final judgment, the Superior Court of California in Los Angeles
entered a judgment of legal separation, adopting the parties' marital dissolution agreement. 
Part of the judgment addressed custody of their minor child:
CHILD CUSTODY
 
13. Legal custody of the minor child, [G.M.], born December 1, 1990, is
awarded to the parties jointly. In exercising joint legal custody, the parties
are ordered to consult [,] discuss, and cooperate with one another in making
decisions . . . .



 
14. Petitioner [appellant] is awarded physical custody of the minor child. 
Respondent shall have visitation with the child as agreed between the
parties, which such visitation will be supervised by monitor selected by
Petitioner for the next two years. It is understood that Petitioner is
immediately relocating with the child to Texas. 

The judgment required that appellee pay monthly child support. The parties' marital
dissolution agreement stated, in part:
A. The parties acknowledge that this Agreement is entire, and cannot be
altered, amended or modified except by an instrument in writing executed by
both Husband and Wife . . . . 
 
C. This Agreement shall not be binding or effective until it is signed by both
Husband and Wife. This Agreement may be submitted to any court of
competent jurisdiction, and, Legal Separation and/or Dissolution of Marriage.
. . . 
 
E. Both parties waive the right to appeal, the right to request a statement of
decision, and the right to move for trial or reconsideration.

Notably, the only reference to the California court's jurisdiction relates to spousal support. 
The agreement states, "The parties agree that the court shall reserve jurisdiction but that
neither party shall pay to the other any monthly spousal support at this time." 
          In her first issue, appellant asserts that the trial court erred in finding it retained
absolute jurisdiction over the child and in exercising that jurisdiction. Appellant argues that
the trial court lacked jurisdiction under "UCCJEA 155.002(a)(1) and (2)," family code
section 155.001(a); family code section 103.003, and family code section 152.105. 
Appellee counters that appellant has failed to demonstrate lack of jurisdiction because: 
(1) the California judgment for legal separation established an order in suit affecting parent-child relationship; (2) appellant's SAPCR in Texas sought to modify the California joint
custody order; (3) although, the California court in Los Angeles was the court of continuing
jurisdiction over custody matters, Texas was the child's new home state; and, (4) the
California court in Ventura county declined further exercise of custody jurisdiction. 
Appellee argues that the trial court exercised its jurisdiction only after the California court
declined exercise of jurisdiction consistent with the Uniform Child Custody Jurisdiction Act. 
          The question squarely before us is whether the Texas trial court had jurisdiction to
modify the Los Angeles court order that incorporated the parties' agreement regarding
custody of the child. III. CONTINUING JURISDICTION
          Effective September 1, 1999, Texas adopted the Uniform Child Custody Jurisdiction
and Enforcement Act (1997) ("UCCJEA") replacing the previous act, Uniform Child
Custody Jurisdiction Act (1968) ("UCCJA"). See Tex. Fam. CodeAnn. chap. 152 cmt. The
UCCJEA applies to any SAPCR and any suit for modification filed on or after September
1, 1999. Id. Accordingly, suits pending as of September 1, 1999 are governed by the
former law. Id. 
          Appellant filed the SAPCR seeking sole managing conservatorship of the child in
1995. Her suit was pending as of September 1, 1999. Thus, we look to the UCCJA to
address appellant's jurisdiction challenge. 
          In a divorce action which includes a SAPCR, the trial court acquires and retains
continuing, exclusive jurisdiction over matters related to the suit after it has rendered a final
order. Tex. Fam. Code Ann. §§ 155.001, 155.002, 155.003 (Vernon 2002). In a SAPCR,
the trial court in subsequent proceedings has jurisdiction to modify its order upon the filing
of a proper motion. Id.§§ 155.003, 156.001, 156.004 (Vernon 2002). Appellant did not file
a divorce action in Texas. She filed a SAPCR requesting sole conservatorship of the child. 
          There is a difference between an original conservatorship determination and a
modification: "Because a change of custody disrupts the child's living arrangements and
the channels of a child's affection, a change should be ordered only when the trial court
is convinced that the change is to be a positive improvement for the child." See In re
V.L.K., 24 S.W.3d 338, 343 (Tex. 2000). "Legal custody" is defined in the Texas Family
Code as "managing conservatorship of a child." Tex. Fam. Code Ann. § 152.102(2)
(Vernon 2002). "Modification" means a child custody determination that changes,
replaces, supersedes, or is otherwise made after a previous determination concerning the
same child, whether or not it is made by the court that made the previous determination. 
Id. §152.102(12). The supreme court recognized that the critical distinction between an
original suit and a modification suit is the fact that a modification suit seeks a change in the
child's existing living arrangements. Allison v. Allison, 3 S.W.3d 211, 214 (Tex.
App.–Corpus Christi 1999, no pet.). Thus, I would conclude that appellant sought a
modification of the California court's judgment approving the parties' agreement and
awarding them joint custody of the child. Appellant's complaint that the trial court did not
have continuing jurisdiction finds support in the record before us.
IV. CONCURRENT JURISDICTION 
          In order to prevent jurisdictional conflicts and competition over child custody, the
United States Congress passed the Parental Kidnaping Prevention Act of 1980 (PKPA),
28 U.S.C.A. § 1738A. In Interest of S.A.V., 837 S.W.2d 80, 88 (Tex. 1992). The PKPA
requires every state to give full faith and credit to child custody determinations of other
states. 28 U.S.C.A. § 1738A(a); S.A.V., 837 S.W.2d at 88. However, the PKPA provides
that:
A court of a State may modify a determination of the custody of the same child
made by a court of another State, if

          (1) it has jurisdiction to make such a child custody determination; and
 
(2) the court of the other State no longer has jurisdiction, or it has declined
to exercise such jurisdiction to modify such determination. 
 
28 U.S.C.A. § 1738A(f). Thus, in case of any conflict, the PKPA takes precedence over
state law. S.A.V., 837 S.W.2d at 88. 
           A child establishes a new home state by living there with a parent for at least six
consecutive months. See Tex. Fam. Code Ann.§ 152.002(6) (Vernon 2002). It is
undisputed that when appellant filed her SAPCR, the child's home state was Texas. 
Assuming that the California court in Los Angeles and the Texas trial court had concurrent
jurisdiction because Texas became the child's home state, nothing in the record
establishes that the court in Los Angeles no longer had jurisdiction or declined jurisdiction. 
28 U.S.C.A. § 1738A(f)(2). Appellee concedes that the Ventura court declined jurisdiction
when he filed a divorce there. The Ventura court, however, did not enter the custody
judgment. The Los Angeles court did. 
          This case presents the difficulties inherent in the resolution of all interstate custody
disputes. S.A.V., 837 S.W.2d at 88. The clerk's record leaves unanswered the status of
the California court's jurisdiction. Because I cannot determine from the record that the Los
Angeles, California court declined to exercise its jurisdiction over custody, similarly, I
cannot determine whether the Texas court's exercise of jurisdiction over custody was
proper under the PKPA. 
V. CONCLUSION
          Accordingly, to resolve appellant's jurisdictional question, I would abate the appeal
and request the trial court to enter findings of fact and conclusions of law to assist this
Court. The exercise would, indeed, help resolve the jurisdictional questions with careful
regard for the rights of the parties and the best interests of the child. 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice


Concurring Memorandum Opinion delivered and filed 
this the 17th day of February 2005.